The Chief Justice
delivered the opinion of the court.
This was an action of covenant brought by Rix, against Wilcoxen, as surviving obligor of Chalfant and Wilcoxen, on the following instrument, to-wit:— “Received of Mr. “William Rix, 14 barrels whiskey, which is supposed to contain 488 gallons — ^-Received by Us for sale, 6th of May, “1815.
“Chalfant & Wilcoxen.
“N. B. Freight paid for the above whiskey.
“C. & W.”
The declaration, after setting forth the instrument, al-ledges a sale of the whiskey, and assigns a breach in the failure and refusal to account and pay over to the pl’t’ff the price for which U was sold. The defendant demurred to *422 the declaration, and the demurrer being joined by the plain» tiff, Vvas overruled by the court, and the cause haying been afterwards tried upon the plea of covenants performed, the plaintiff obtained a verdict and judgment, from which ⅛⅛ appeal is prosecuted by the defendant.
Covenants are either express er implied; to create an express covenant, no technical words are necessary; but there musí h. an ag-ree- . ment to do, or abstain from doing a particular thing.
An implied covenant is created by the legal o-peratio.i of certain technical words, and relates only to the realty.
A receipt given for pvo-pcriy tviJi a promise annexed “to sell thssavne” will not sustain a,i action oí* covenant for-failing to pay over the proceeds; a n ilher iorm cf action is the proper remedy.
The main point presented by the record, relates to the sufficiency of the declaration, and this turns upon the question, whether the instrument declared on can be construed to be a covenant to pay to the plaintiff the price for which the whiskey was sold; for if the instrument cannot be construed to be a covenant to pay, the failure to pay cap be no breach of the covenant.
A covenant may be either express or implied, and there can be no covenant which is not of one or the other of those species.
To create an express covenant, no technical form of words is necessary; but there must be some words which import an agreement, for it would be absurd to suppose that there could be an express agreement where there was no expression which could be construed to amount to such an agreement. Now, in the instrument declared on in this case, there is not a word which has the slightest relation to an agreement to pay to the plaintiff the money for which the whiskey might be sold. It is perfectly clear, therefore, that there can be no express covenant to that effect.
It remains, then, to enquire, whether there is an implied covenant. There are certain technical terms from which, though of themselves they do not import an express covenant, yet when used in a contract by deed, the law .will imply a covenant. Thus from “demise” in a lease, “dech” in a grant, “■excambimri’'> in an exchange, the law creates a covenant, upon which, in case of eviction, the lessor, or the grantor, or the person who has given land in exchange, will be responsible. But in the instrument in question in the present case, there is no teym used from which tile law can create or imply a covenant. In fact, the doctrine of implied covenants is confined to real estate; and hence it is laid down, that if goods be demised for years, and the lessee be evicted, covenant does not lie, for the law does not create a covenant for a personal thing. Com. Dig. Cov. (A,) 2 Seliv, N. Pri. 402.
It is true, notwithstanding the instrument in question contains no express covenant, that the money should be paid to the plaintiff; and notwithstanding the law does not imply *423 Stich a covenant, that the defendant would be under a legal obligation to pay it to the plaintiff, unless the parties had agreed to a different disposition of it, and to enforce such obligation, the law Would afford an appropriate remedy. But this is an obligation which does not arise from the instrument, but from the nature of the transaction, and the obligation and the remedy would be the same, if there were no instrument of writing in the case, and most clearly an action of covenant would not lie in such a case.
Pope for appellant, B. Hardin for appellee.
The judgment must therefore be reversed with costs, and the cause be remanded, that a judgment may be entered upon the demurrer for the defendant in the circuit court.